In the United States District Court
for the Central District of Illinois

D'Angelis Chambers
   Plaintiff,

v.

Diane Marlin, Rachel
Fullen, Sheriff Dustin
Heuerman, Lt. Ryan Snyder,
Lt. Robert Cravens, Diane
Wallace, Celeste
Blodgett, Brenda
Spaulding, Captain K.
Voges (368), Sgt. J. Jones (364),
Ofc. J. Bergener (309), Ofc. M.
Mcmahon (319), Ofc. Pettinger
(324), The city of Urbana,
Individually and in their
Official capacities,
   Defendants

Complaint
Civil Action No. ____
Jury Trial Demanded

FILED
APR 02 2020
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

I. Complaint

Plaintiff, D'Angelis Chambers, Pro Se, for their complaint state as follows:

II. Parties, Jurisdiction and Venue

1. Plaintiff, D'Angelis Chambers, was confined as a pretrial detainee in the Champaign County Correction Center, located at 204 e. main st. Urbana Ill. 61801 from 12-30-18 to 3-5-18 as a pretrial detainee. Plaintiff is currently confined at 204 e. Main st. Urbana, Ill, 61801 as a Post-trial detainee.

2. Plaintiff, D'Angelis Chambers, is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the State of Illinois.

3. Defendant Diane Marlin was at all relevant times herein mayor of the city of Urbana.

4. Defendant Rachel Fullen was at all relevant times herein the Commissioner of adult services for the city of Urbana, with the responsibility for operating and maintaining detention, Penal and correctional institutions within the City of Urbana, including the city jail.

5. Defendant Captain K. Voges (368) is and was at all relevant times herein Warden or "Superintendent" of the municipal Jail for the City of Urbana. As the superintendent of the Jail, Defendant manages its day to day operations and executes its policies.

6. Defendant Dustin Heuerman is and was at all relevant times herein Sheriff of Champaign County. As Sheriff, all inmates held in the Champaign County Jail are in his custody.

7. Defendant Lt. Ryan Snyder is and was at all relevant times herein an employee at the Champaign County Correctional Center. Ryan Snyder is employed as Lieutenant of Operational Security.

8. Defendant Lt. Robert Cravens is and was at all relevant times herein an employee at the Champaign County Correctional Center. Robert Cravens is employed as Lieutenant of Support Services.

9. Defendant Diane Wallace is and was at all relevant times herein an employee at the Champaign County Correctional Center. Diane Wallace is employed as director of food services.

10. Defendant Celeste Blodgett is and was at all relevant times herein an employee at the Champaign County Correctional Center. Celeste Blodgett is employed as Program Coordinator.

11. Defendant Brenda Spaulding is and was at all relevant times herein an employee at the Champaign County Correctional Center. Brenda Spaulding is employed as the Clinical Coordinator.

12. Sgt J. Jones (364) is and was at all relevant times herein employed as a Sargeant at the Champaign County Correction Center.

13. Ofc. J Bergener (349) is and was at all relevant times herein employed as a guard at the Champaign County Correction Center.

14. Ofc. M. Mcmahon (317) is and was at all relevant times herein employed as a guard at the Champaign County Correctional Center.

15. OFC. Pettinger (324) is and was at all relevant times herein employed as a guard at the Champaign County Correction Center.

16. Defendant City of Urbana is and was at all relevant times herein a municipal corporation of the state of Illinois.

17. This action arises under and is brought pursuant to 42 U.S.C Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by the First, Sixth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. This court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

18. Plaintiff's claims for injunctive relief are authorized by Rule 65 of the of the Federal Rules of Civil Procedure.

19. This cause of action arose in the Central District of Illinois. Therefore, venue is proper under U.S.C. Section 1391(b).

### III. Previous Lawsuits by Plaintiff

20. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

### IV. Exhaustion of administrative remedies

21. Plaintiff has exhausted all administrative remedies available to him by filing grievances and grievance appeals. Plaintiff has included copies of his grievances as well as all replies he received. Some of the Plaintiff's grievances were lost or misplaced by Staff, Plaintiff addressed this issue through the inmate grievance process and included those grievances with this complaint.

3

## V. Statement of Claim

22. At all relevant times herein Defendants were "Persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiff of his Constitutional rights, as set forth more fully below.

## VI. Statement of facts

23. On December 31, 2018, plaintiff was assigned to cell K-1 of the Champaign County Correctional Center located at 204 e. Main st Urbana, IL 61801. While housed at the Champaign County Correction Center plaintiff was in the custody of Defendant Dustin Heuerman.

24. From December 31, 2018 until March 5, 2020, plaintiff was a pretrial detainee and was assigned to cell K-1 of the Champaign County Correctional Center.

25. On March 5, 2020 plaintiff was found guilty of the crime alleged against him. Plaintiff remained housed in cell K-1 of the Champaign County Correctional Center.

Inadequate and unsanitary housing

26. While housed in the Champaign County Correction Center, plaintiff was subjected to inhumane living conditions the entire time he was there. The jail lacked basic neccessities causing injury to the liberty of the plaintiff. Plaintiff made countless verbal grievances to jail staff disputing the unconstitution conditions of the facility.

27. The Champaign County Correction Center had a vermin infestation the entirety of plaintiff's time there. Jail staff was deliberately indifferent to the infestation and the negative effects vermin had on plaintiff's physical, mental, and emotional health.

28. An exterminator did visit the jail on occasion but only the general areas were sprayed.

Individual cells were never sprayed. When the hallways and guard areas were sprayed, roaches and other vermin simply moved into the individual cells. Once the fumes disappeared the vermin returned unharmed to again infest the entire jail.

29. On 3-8-20, plaintiff again filed a grievance requesting a proactive solution to the vermin infestation after having lived with the infestation since 12-30-18. Defendant Lt. Robert Lowers responded to plaintiff's grievances on 3-11-20 and 12-06-19 both times Defendant Lowers denied that there was an actual vermin infestation; remaining deliberately indifferent to the unsanitary conditions of the Champaign County Correctional

6

Center.

30. Inadequate lighting in cell K-1 made reading for more than a few minutes at a time extremely difficult, painful and nearly impossible causing plaintiff severe headaches, blurred vision, and unnecessary pain and suffering. Inadequate lighting in cell K-1 also made it impossible to handle legal matters.

31. The Champaign County Correction Center does not have any exercise equipment available for inmates to maintain good health, not even a pull-up bar or a dip bar. Plaintiff's request for exercise equipment was denied by Defendant Lt. Robert Cravens on 10-2-19. By denying the plaintiff the ability to

7

maintain good physical health. Defendant Lt. Robert Cravens caused the plaintiff to experience unnecessary mental, physical, and emotional damage.

32. The Champaign County Correction Center did not provide plaintiff with enough food at meal time. Plaintiff's request for a reasonable amount of food was denied by Defendant Diane Wallace on 10/21/19, leaving plaintiff to deal with unnecessary pain and painless suffering caused by severe hunger.

33. Champaign County Correctional Center has inadequate fire safety and prevention guidelines in place, causing a substantial risk to the plaintiff's safety.

34. Throughout the plaintiff's entire incarceration from 12-30-18 to 3-5-20 the water quality at the Champaign County Correctional Center was very poor. Drinking this water caused the plaintiff irreversible physical and mental damage. Plaintiff brought this to the attention of Jail administrators using the grievance procedure. Plaintiff's request for bottled water was denied by Defendant Lt. Robert Cowens on 3/11/20.

35. Throughout the plaintiff's entire incarceration at the Champaign County Correctional Center the facility had inadequate ventilation, resulting in poor air quality which caused the plaintiff unnecessary mental, physical, and emotional damage. Plaintiff brought this to the attention of jail administrators using the grievance

procedure. Jail administrators remained deliberately indifferent to plaintiff's suffering.

Inadequate Access to Courts

36. On 10/3/19, plaintiff filed a grievance because he had been trying to go to the law library for the last 4 days to prepare motions for an upcoming court hearing which was scheduled for 10/7/19. Being denied access to the law library was especially crippling to the plaintiff because he was pro se. Denial of law library was directly negatively affecting plaintiff's ability to properly represent himself.

37. On 1-25-20 at 12pm, plaintiff asked officer Pettinger for a grievance so that he could file a grievance disputing the fact that he was being denied access to water. Officer