UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

D'Angelis Chambers,            )
                               )
            Plaintiff,         )
                               )
v.                             )    20-2083
                               )
Diane Marlin, *et al.*         )
                               )
            Defendants.        )
                               )
                               )

## Merit Review Order

The plaintiff, proceeding *pro se*, and currently detained at Champaign County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that the Champaign County Jail had an insect and vermin infestation, inadequate lighting, poor water and air

quality, a lack of ventilation, and no exercise equipment. Plaintiff alleges that procedures at the jail prevent him from sleeping more than five (5) hours per night, and that he was denied access to outdoor recreation for three months. Plaintiff alleges that jail officials served insufficient portions of food, and they refused to give him a new piece of cake when the piece he had been served was undercooked. Plaintiff alleges that his access to the law library was delayed for four days, that he could not call his attorney, and that the phone was located in a noisy area. Online records from Plaintiff's criminal case indicated that he was appointed a lawyer shortly after the alleged delay.

Plaintiff also alleges that medical staff refused to renew an antibiotic prescription for an infection upon his request, that he suffered a migraine after consuming an unidentified pill that had been included with his regular medications, and that the jail doctor refused to overrule security staff regarding the use of mats in the dayroom. Plaintiff alleges that he could not attend religious services for one year because jail staff required him to submit a request form in advance, that the jail lacked a procedure to ensure that he was able to vote, that he was denied a grievance form or officials did not respond to several grievances, and that he was not provided a pencil upon request to write grievances.

Plaintiff states a Fourteenth Amendment conditions-of-confinement claim against Defendants Heuerman, Craven, Wallace, and McMahon for the alleged deprivations of adequate food, water, exercise, and sleep; and, a Fourteenth Amendment claim for inadequate medical care, but he will need to identify the officials responsible for providing treatment. Plaintiff states a Fourteenth Amendment claim and a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment against Defendant Heuerman for the alleged denial of his right to vote and access to religious services, respectively. *Holt v. Hobbs*, 135 S. Ct. 853 (2015); *McDonald v. Bd. Of Election Com'rs of Chicago*, 394 U.S. 802 (1969).

Plaintiff does not state claims for the alleged denials of access to the grievance process and the law library. *See Antonelli v.*

*Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (no substantive due process right to a grievance procedure); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (plaintiff must allege actual harm to ongoing litigation). These claims will be dismissed without prejudice to amendment. The City of Urbana is not a person amenable to suit under § 1983, and no plausible inference arises that Defendants Marlin and Fullen were personally involved in the deprivations Plaintiff alleges.

**It is therefore ordered:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states Fourteenth Amendment claims for inhumane conditions of confinement against Defendants Heuerman, Craven, Wallace, and McMahon, inadequate medical care against unidentified defendants, and denial of his right to vote against Defendant Heuerman. Plaintiff also states a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment against Defendant Heuerman. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers

or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are

attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Diane Marlin, Rachel Fullen, K Voges, Ryan Snyder, Celeste Blodgett, Brenda Spaulding, J Jones, J Bergener, Pettinger, City of Urbana as defendants.

12. The clerk is directed to attempt service on Dustin Heuerman, Robert Cravens, Diane Wallace, and M McMahon pursuant to the standard procedures.

13. Plaintiff filed a Motion to Request Counsel [5]. Plaintiff has no constitutional or statutory right to counsel in this

case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not satisfied the first prong. A plaintiff usually does this by writing to attorneys and providing copies of letters received. Plaintiff also has personal knowledge of the facts, he has demonstrated an ability to adequately convey them to the Court, and he indicates that he has completed "some college." Plaintiff should be able to obtain relevant documents via discovery, and this case does not appear overly complex at this stage. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion [5] is denied with leave to renew.

Entered this 12th day of June, 2020.

s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE